## In re MARKET WAREHOUSE CO.

(District Court, D. Massachusetts. February 14, 1923.)

No. 30663.

Bankruptcy ⬥⟶474—Petitioners in unwarranted petition held liable for expenses caused.

Petitioners, who filed an involuntary petition against a solvent corporation, of which they were not creditors, and, at whose instance a receiver was appointed and the property of the corporation appraised, on dismissal of their petition, *held* chargeable with reasonable compensation to the receiver and his attorney and the appraisers, and with the usual fees of the referee.

In Bankruptcy. In the matter of the Market Warehouse Company, alleged bankrupt. On report and petition of receiver and motion to confirm referee's report on adjudication. Petition dismissed, at cost of petitioners. Compensation allowed to receiver, his attorney, and appraisers, also to be paid by petitioners.

Martin Witte, of Boston, Mass., for alleged bankrupt.

Julius Nelson, of Boston, Mass., for petitioner Goldberg.

Benj. A. Levy, of Boston, Mass., for receiver.

BREWSTER, District Judge. This matter came before the court on the receiver's report, receiver's petition for compensation for himself and his attorney, and for compensation to appraisers, on motion to confirm referee's report on adjudication, and on motion to dismiss creditors' petition in bankruptcy.

Upon his petition the receiver's account, annexed thereto, is allowed, and his compensation fixed at $1,416.16, and compensation of his counsel, Benjamin A. Levy, is fixed at $1,000, and the appraisers' fees at $100 each.

From facts set forth in the referee's report it appears that the petitioners were not creditors of the alleged bankrupt, that it had not committed the act of bankruptcy alleged in the petition, and that the alleged bankrupt was solvent by a wide margin of assets over liabilities.

The findings of the referee present a clear case of abuse of the bankruptcy laws, or an attempt to use them for some ulterior purpose. The petition was brought without any justification in law or fact. At the instance of the petitioning creditors a receiver was appointed to take charge of the assets and business of the alleged bankrupt, and this receiver in turn, by authority of the court, employed an attorney, and appraisers were duly appointed to appraise the property of the corporation. All have rendered services and ask to be allowed proper compensation. It would be a great injustice to the alleged bankrupt if the receiver, his counsel, and the appraisers were to look to assets of the corporation for their compensation. This is a case where the petitioning creditors, rather than the alleged bankrupt, should bear this expense.

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The receiver, by authority of an order of the court, issued his certificate in the sum of $6,111.20, which certificate is now outstanding. The order authorizing the certificate provided that the receiver should not be personally liable, and that in the event of the dismissal of the petition in bankruptcy, or a return of the assets to the alleged bankrupt, such assets should be charged with a lien in favor of the holder of said receiver's certificate, and the holder of such receiver's certificate has assented to a dismissal of the petition in bankruptcy, with a provision in the order of dismissal to the effect that the assets returned to the alleged bankrupt corporation shall be charged with the lien above mentioned.

Orders may be entered, therefore, as follows:

(1) Allowing the receiver's report, and fixing his compensation and that of his counsel and of the appraisers in conformity with this opinion.

(2) Confirming the report of the referee.

(3) Dismissing the involuntary petition in bankruptcy, such order to provide that the property returned to the alleged bankrupt corporation shall be charged with a lien in favor of the holder of the outstanding receiver's certificate as fully and effectually as if the said assets were being administered in the bankruptcy court.

(4) That the petitioning creditors be required to pay, forthwith, the compensation of the receiver, his counsel, and the appraisers, together with the reasonable and usual compensation to the referee for services rendered in connection with these proceedings, and all other legal costs and expenses, other than fees of the counsel of the alleged bankrupt, arising from said proceedings in bankruptcy.